

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Abigail Wexler,

    Defendant.
_____/

Case No. 23-20672

Hon. Terrence G. Berg



## Plea Agreement

The United States of America and the defendant, Abigail Wexler, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

### 1. Count of Conviction

The defendant will plead guilty to Counts 1 and 2, of the Information. Counts 1 and 2 charge the defendant with Introduction of Misbranded Drug into Interstate Commerce in violation of 21 U.S.C. § 333(a)(1).

**2. Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which she is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Maximum 1 year |
|---|---|---|
| | Fine: | Maximum $1,000 |
| | Term of supervised release: | Maximum 1 year |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

**3. Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the Information.

**4. Elements of Counts of Conviction**

The elements of Counts 1 and 2 are:

The item charged in the indictment was a drug;

The item was introduced or caused to be introduced into interstate commerce by the defendant; and

The item was misbranded at the time it was introduced into interstate commerce.

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense[s], and provide a sufficient factual basis for the defendant's guilty plea:

Defendant Abigail Wexler developed a scheme to market and sell hormone therapy drugs to consumers utilizing the Internet. From in or about August 2022 through at least November 2022, Abigail Wexler was the owner and operator of Nootro-Fix and Pink Pill Pharmacy, businesses Wexler ran from her residence in the Eastern District of Michigan. Nootro-Fix and Pink Pill Pharmacy operated as pharmacies to distribute hormone. Abigail Wexler's residence was not registered with the Secretary of Health and Human Services as a facility that manufactures, prepares, propagates, compounds, and processes drugs.

Abigail Wexler was not licensed as a doctor, pharmacist, or nurse. Wexler manufactured and distributed the following hormone therapy drugs to individuals in the United States and elsewhere: estradiol, estradiol, cypionate; estradiol enanthate; estradiol undecylate; bicalutamide; cyproterone acetate; and progesterone.

After Wexler manufactured these drugs into different forms for distribution, Wexler charged her customers a particular price for each manufactured drug. Wexler then used the mail (USPS, UPS, or others) to ship the drugs directly to consumers. Wexler did not require a prescription for particular drugs, and she did not include any documents or directions for how to use the drugs in the packages she mailed to her customers. Rather, Wexler provided directions for how to use the drugs through electronic communications with her customers.

Customers of Nootro-Fix and Pink Pill Pharmacy paid for the drugs through online payment platforms like PayPal, CashApp, Venmo, and through cryptocurrency exchanges. Wexler purchased equipment and supplies to manufacture the hormone therapy drugs throughout the United States and foreign countries. This includes purchasing a tablet press, flowing agents, and binding agents used in the production of tablets and capsules.

On November 21, 2022, Abigail Wexler shipped a package which contained hormones that she manufactured from her residence in the Eastern District of Michigan to E.F in Huntington Beach, CA.

On November 28, 2022, Abigail Wexler shipped a package which contained hormones that she manufactured from her residence in the Eastern District of Michigan to S.B. in Philadelphia, Pennsylvania.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for defendant's guilty plea to the charges against her. It does not include all of the facts known to her concerning criminal activity in which she and others engaged. The defendant makes this statement knowingly and voluntarily and because she is in fact guilty of the crime charged.

## 6. Advice of Rights

The defendant has read the [charging document], has discussed the charges and possible defenses with her attorney, and understands the crime(s) charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

**7. Collateral Consequences of Conviction**

The defendant understands that her convictions here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her convictions here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her convictions].

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b).] If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense(s) to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply

| § 2N2.1 | Introduction of Misbranded Drug | 6 |

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B,

8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

2. **No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

2. **Limited Right to Withdraw**

If the Court rejects the agreement by deciding to impose a sentence of imprisonment higher than permitted by paragraph 9.B.1, the defendant will be permitted to withdraw her guilty plea. That is the only reason the defendant may withdraw her guilty plea. If the

defendant decides not to withdraw her guilty plea in those circumstances, the defendant agrees that the Court may impose a sentence on Counts 1 and 2 higher than permitted by paragraph 9.B.1 and that all other provisions in this agreement will remain in effect.

If the Court rejects the plea agreement by deciding to impose a sentence of imprisonment on Counts 1 and 2 lower than permitted by paragraph 9.B.1, or by rejecting or purporting to reject any other term or terms of this agreement, the government will be permitted to withdraw from this agreement.

### C. Supervised Release

#### 1. Recommendation

The parties have no agreement as to supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph

9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Special Assessment

The defendant understands that she will be required to pay a special assessment of $50.00, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw her guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the

greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw his guilty plea for any reason, he waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on March 12, 2024, 2024. The government may withdraw from this agreement at any time before the defendant pleads guilty.

                                                Dawn N. Ison
                                                United States Attorney

_____  
Regina R. McCullough     By Andrew
Chief, Health Care Fraud Unit   Lievense
Assistant United States
Attorney

Dated: February 12, 2024

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____  
Zachary Glaza  
Attorney for Defendant  

Dated: 3/14/24

_____  
Abigail Wexler  
Defendant