## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                   CRIMINAL NO. 23-cr-20672

vs.                                 HON. TERRENCE G. BERG

ABIGAIL WEXLER,

               Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Abigail Wexler was the owner and operator of Nootro-Fix and Pink Pill Pharmacies and utilized the internet to sell Hormone Replacement Therapy (HRT) drugs to individuals engaged in gender transition without requiring a prescription. Wexler had no specialized training, medical degree, nor permission from the FDA to engage in the sale of these dangerous drugs that she manufactured in her home. For the reasons stated herein and any reasons which may be set forth during the hearing, the United States recommends the defendant be sentenced within the applicable guideline range.

## I.      FACTUAL BACKGROUND

Defendant Abigail Wexler developed a scheme to market and sell HRT drugs to consumers utilizing the Internet. HRT drugs may cause serious adverse events,

1

including infertility, headaches, breast tenderness or pain, nausea, mood changes, muscle cramps, diarrhea, and mild rash or itchy skin. Wexler who utilized the moniker "Skippy" online chatted and sold the drugs through Discord.

The FDA requires that the owner or operator of any establishment engaged in the manufacture, preparation, propagation, compounding, or processing of drugs register with the Secretary of Health and Human Services. The FDA also protects consumers by requiring that the packaging and labeling for any drug include, among other things, adequate directions for use and not include any false or misleading information. "Adequate directions for use" are directions under which a third-party vendor would recognize the type of drug being sold, or a lay person could use a drug safely and for the purposes for which it was intended. Wexler's residence was not registered with the Secretary of Health and Human Services as a facility that manufactures, prepares, propagates, compounds, and processes drugs and she did not provide any labeling for the HRT drugs she sold.

Wexler purchased bulk estradiol, estradiol, cypionate; estradiol enanthate; estradiol undecylate; bicalutamide; cyproterone acetate; and progesterone from China. Wexler then used manufacturing equipment, at her residence to convert the micronized powders into pills, capsules, tablets, injectable, sublingual oils, suppositories, and transdermal sprays for use by individuals. Wexler sold the drugs for various prices, to consumers in the United States and elsewhere, and never

obtained the age or other personal information about the consumer. Wexler warned the consumer they could become sterile from taking the drugs and suggested they bank their sperm.

Wexler accepted various forms of payment for the drugs, including, PayPal, CashApp, Venmo, and crypto currency and during the scheme Wexler made at least $200,000.  Once the orders were placed on the Internet, Wexler would ship the drugs, through Priority and Express Mail, to consumers both in the United States and Internationally, including to consumers in the Eastern District of Michigan.

## II.   RULE 11 PLEA AGREEMENT AND SENTENCING GUIDELINE CALCULATION

On March 14, 2024, Wexler pleaded guilty to Counts One and Two of the Information pursuant to a Rule 11 Plea Agreement. The Probation Department determined the applicable guideline range is 0 - 6 months based upon a total offense level 2 and a Criminal History Category of I. *See* PSR at ¶ 69. The government concurs in the guideline range determined by the Probation Department.

## III.   APPLICATION OF 18 U.S.C. § 3553(a)

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a sentence that is "sufficient, but not greater than necessary."  Those objectives are:  (i) the nature and circumstances of the offense, and the history and characteristics of the defendant; (ii) the need for a sentence to reflect the basic aims of sentencing (including

retribution, deterrence, incapacitation, and rehabilitation); (iii) the kinds of sentences legally available; (iv) the Sentencing Guidelines; (v) Sentencing Commission policy statements; (vi) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (vii) the need for restitution.   The most relevant factors applicable to Defendant Wexler are set forth below.

### A. Nature and Circumstances of the Offense, and the History and Characteristics of the Offender, 18 U.S.C. § 3553(a)(1)

#### 1.    Nature and Circumstances of the Offense

The nature and circumstances of this offense are serious.  The defendant, for personal gain, without a prescription, or approval from the FDA sold dangerous drugs to consumers, including a least one minor, through her online pharmacies.

We live in a society that struggles with gender identification. Unfortunately, young men and women often turn to the internet for help and information about gender transition. The defendant, having undergone gender transition herself under the care of a physician, was well aware of the risks involved with taking drugs to successfully transition.

Wexler claims she committed the offense to help individuals with gender transformation. But that is not the case, instead of providing guidance and assistance by directing them to a license medical provider, she sold them dangerous drugs that she compounded in her residence and provided medical advice without being a

medical professional. And in an effort to avoid detection by law enforcement Wexler would shape and package the drugs as Altoids or Swedish Fish.  Wexler jeopardized the health and safety of hundreds of people by selling harmful drugs and she made a significant profit while doing so.

A sentence within the guideline range would reflect the seriousness of the offense.

### 2.     Characteristics of the Defendant

The defendant was born in Tennessee. She is not married and does not have children. Wexler had a difficult childhood as she was bullied by her siblings and her family initially shunned her for her decision to undergo gender transition. Fortunately, her family is now very supportive, and Wexler remains under the care a medical team as she continues her transition.

Wexler obtained a Bachelor of Science degree from the University of Tennessee and utilized her skill set in various jobs in the computer industry. While Wexler's childhood was indeed challenging, she was able to rise above her difficult upbringing and pursue a career in the computer industry.

Rather than rely on her education and skill set to make a legitimate, financially secure living, she chose to engage in conduct that could cause significant harm to her customers.  Defendant Wexler clearly understood the consequences of her actions and made a conscious choice to accept those

consequences.  There is nothing to suggest that if she had not been caught, she would have changed her course of conduct in any way.  Therefore, the nature of the offense and the characteristics of the defendant warrant a sentence within the applicable guideline range.

> **B.    To Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(B)-(C)**

A sentence within the guideline range will also provide specific and general deterrence for Wexler's criminal conduct.   *See* 18 U.S.C. § 3553(a)(2)(B). Deterrence serves to discourage others who are inclined to involve themselves in similar criminal conduct.  It is also an important consideration when fashioning a sentence that will persuade a defendant from continuing to engage in criminal behavior.

More importantly, a custodial sentence will provide a clear message important to the goal of general deterrence.  The sentence imposed must be capable of sending a strong message and must reinforce to the community that this conduct will not be tolerated and those choosing to engage in this conduct will be held accountable.

## IV.   CONCLUSION

In conclusion, a sentence within the guideline range would serve the goals articulated by Congress; such a sentence would represent a sentence "sufficient, but not greater than necessary." Given the seriousness of the defendant's conduct, and the nature of the crime, a guideline's sentence is fully supported by the factors under Section 3553.

Respectfully submitted,

DAWN N. ISON
United States Attorney

/s/Regina R. McCullough
Regina R. McCullough
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9618
Dated: August 15, 2024      Regina.McCullough@usdoj.gov

## Certificate of Service

I hereby certify that on Augst 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to the attorneys on record.

/s/Regina R. McCullough
Regina R. McCullough
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9618
Regina.McCullough@usdoj.