UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

vs.                                            23-CR-20672

ABIGAIL WEXLER                                 Hon. Terrence G. Berg

## DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

NOW COMES Defendant Abigail Wexler, by and through her attorney, Anjali Prasad, and respectfully requests the Court order his early termination of probation, under 18 U.S.C. § 3564 (c).  The government does not concur with this motion.

Respectfully submitted,

/s/ ANJALI PRASAD
Anjali Prasad
Prasad Legal, PLLC
4190 Telegraph, Suite 3000
Bloomfield Hills, MI  48304
(248) 733-5006
aprasad@prasadlegal.com

Dated:  September 30, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

    vs.                                  23-CR-20672

ABIGAIL WEXLER                  Hon. Terrence G. Berg

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Abigail Wexler plead guilty to two counts of Introduction of Misbranded Drugs into Interstate Commerce, in violation of 21 U.S.C. § 333(a)(1). On August 19, 2024, the court sentenced Defendant Wexler to probation for a term of 24 months.  In addition to the standard conditions of probation (which includes full-time employment), Defendant Wexler was ordered to complete five hours of community service per week, for 52 weeks (260 hours), during the 24-month term of probation.

Defendant Wexler chose to perform her community service with Blue Water Habitat for Humanity and has successfully completed 260.5 hours of community service.  She has also been gainfully employed by Starbucks since (approximately) April 2019.  Defendant Wexler has also paid her fines and costs.

Under 18 U.S.C. § 3564 (c), a court can terminate a term of probation after one year in felony cases if it is satisfied that early termination is warranted by the

person's conduct and the interest of justice.  In deciding a request for early termination, the court is directed to consider the purposes of sentencing set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).[1]

Defendant respectfully contends she no longer requires supervision by the United States Probation Department.  Although the court gave her 24 months to complete community service, Defendant fulfilled this requirement in 12 months. She has also been gainfully employed by Starbucks since (approximately) August 2019).

Defendant Wexler is a 28-year-old transgender woman (born male, identifies as female) that uses she/her pronouns.  She earned a bachelor's degree in computer science from the University of Tennessee at Chattanooga, and presently owns her home in Port Huron, Michigan.  She currently receives mental health counseling, and  is also under the care of an endocrinologist for the concerns that gave rise to the underlying offense.  It should be noted that when Defendant Wexler received a target letter from the government concerning the underlying offense, she agreed to cooperate in the investigation without hesitation.  Throughout the process, Defendant Wexler was open and honest about her actions, methods, and motivation for committing the underlying crimes.

---

[1]      Notably, the need for "just punishment" is technically not required to be considered for early termination decisions.

While most of Defendant Wexler's family lives in Tennessee, they assist her with expenses when needed.   Defendant Wexler notes the internet monitoring software she is required to use as a condition of probation costs her approximately $90.00 per month, which is financially onerous.  Defendant Wexler's support system in Michigan consists of coworkers and friends within the transgender community. Defendant Wexler has a close friend who lives in Lansing, which is part of the reason she is seeking early termination of probation – Defendant Wexler wants to be able to visit her friend without the burden of submitting travel requests to the probation department.

In general, early termination is a positive incentive and smart way to allocate resources to higher-risk cases.  Since Defendant Wexler has fulfilled all conditions ahead of schedule, she would like to reintegrate into society peacefully and without the burden of internet monitoring and travel restrictions.  Given her lack of criminal history and the unique circumstances of the underlying offense, Defendant Wexler does not seem to pose any foreseeable risk to the community.

Defendant's probation officer takes no position on this motion and defers to the Court.

Based on the foregoing, Defendant Wexler respectfully requests early termination of probation, under 18 U.S.C. § 3564 (c).[2]

Respectfully submitted,

s/ ANJALI PRASAD
Anjali Prasad
Prasad Legal, PLLC
4190 Telegraph, St. 3000
Bloomfield Hills, MI  48304
(248) 733-5006
aprasad@prasadlegal.com

Dated:  September 30, 2025

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system that will send notification of such filing to all registered parties.

/s/ Anjali Prasad
Anjali Prasad (P75771)

---

[2]     Defendant Wexler waives her right to a hearing under FED. R. CRIM. P. 32.1 (c)(2).